UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND RICHARD WHITALL, G43090,

Plaintiff,

v.

STEPHANIE TRAN PHAN, MD, et al.,

Defendant(s).

Case No. 17-cv-05889-CRB (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF FAILURE TO PROPERLY EXHAUST**

(ECF Nos. 53 & 55)

Currently before the court for decision is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA). For the reasons that follow, the motion will be granted.

## STATEMENT OF THE CASE

On January 10, 2018, plaintiff, a prisoner at Salinas Valley State Prison (SVSP), filed a pro se first amended complaint (FAC) under 42 U.S.C. § 1983 alleging inadequate medical care in connection with the prescription of Trileptal and the discontinuation of morphine sulfate, the only pain medication plaintiff claims provides him any relief from osteoarthritic shoulder pain. ECF No. 10. Plaintiff sought damages and injunctive relief from more than a dozen defendants at SVSP and the California Department of Corrections and Rehabilitation (CDCR).

On February 6, 2018, the court screened the FAC pursuant to 28 U.S.C. § 1915A. The court dismissed the claims associated with the prescription of Trileptal as amounting to no more than claims for negligence or medical malpractice not cognizable under § 1983, but allowed the claims associated with the discontinuation of morphine to proceed as claims for deliberate indifference to serious medical needs. ECF No. 11. Plaintiff moved for reconsideration, but the court denied the motion and made clear that "this action will be limited to plaintiff's § 1983 claims

in the operative FAC that (1) Dr. Phan was deliberately indifferent to plaintiff's serious medical needs when she replaced his morphine sulfate prescription with another pain medication, and that (2) doctors Fu, Gamboa, Kumar, Cantu, Brizendine, and Deputy Director J. Lewis were deliberately indifferent to plaintiff's serious medical needs when they denied plaintiff's appeals challenging Dr. Phan's pain management decision." ECF No. 41 at 2.

Defendants moved for summary judgment under Federal Rule of Civil Procedure 56 on grounds that plaintiff failed to properly exhaust available administrative remedies as to his cognizable § 1983 claims before filing suit, as required by the PLRA. In response to defendants' motion for summary judgment, plaintiff filed an opposition, to which defendants replied. Plaintiff also filed an unsolicited sur reply.

**STATEMENT OF THE FACTS**

On July 17, 2016, plaintiff filed two administrative grievances using CDCR Form 602. ECF No. 74, Exs. B, C. The first grievance, SVSP-HC-16055839, alleged that on July 5, 2016, Dr. Phan prescribed Trileptal for plaintiff's chronic pain – knowing that plaintiff suffered from vertigo and Menier's Disease – and that Trileptal has known side effects identical to Menier's symptoms, which plaintiff immediately began to experience. ECF No. 74, Ex. C at 23. The grievance further alleged that plaintiff fell twice, sustaining injury to his neck and back, and then stopped taking Trileptal on July 14, 2016, at the advice of another medical professional. Id. The grievance added that SVSP Health Care Services was willfully negligent in its failure to properly supervise Dr. Phan, and that the SVSP pharmacy should have noted that plaintiff was prescribed meclizine, a vertigo treatment, and alerted Dr. Phan to the dangerous Trileptal side effects when processing the Trileptal prescription. Id. The grievance requested: "(1) Dr. Phan's removal as my PCP [primary care provider] and permanent disqualification from any involvement in my healthcare; (2) Reversal of Dr. Phan's prescription of Trileptal for my chronic pain and return to my previous chronic care treatment," as well as punitive and compensatory damages. Id. at 21.

The second grievance, SVSP-HC-16055840, alleged that when plaintiff met with Dr. Phan on July 16, 2016, for a follow up appointment due to injuries suffered in two vertigo-related falls, Dr. Phan asked him to close his eyes while standing. ECF No. 74, Ex. B at 17, 19. The grievance

further alleged that he told her he could not do that because he feared having a vertiginous episode, asked if she would be unable to do anything else because he wouldn't close his eyes, and was told by Dr. Phan that she could not, as she left the room yelling that she was discontinuing his chronic pain medication. Id. at 19. The grievance also alleged that when pills were passed out later that day, plaintiff was informed that his prescriptions for Trileptal and morphine were discontinued because he refused treatment. Id. Lastly, the grievance alleged that it was Dr. Phan's prescribing of Trileptal that caused the falls and that at his prior July 5, 2016, appointment Dr. Phan had arbitrarily reduced his chronic pain morphine to 15 milligrams, stating that she was going to discontinue it. Id. The grievance requested the following action: "Please assign me to another PCP and please reinstate my chronic pain medication so that I can continue with my physical therapy." Id. at 17.

Grievance SVSP-HC-16055840 was cancelled by the Health Care Appeals Office at the first level of review before it was considered and addressed by prison medical staff. Id. at 15. Plaintiff received a cancellation notice on July 25, 2016, which cancelled the grievance as a duplicate stating that, "The issues you are [sic] wanted addressed: To have another PCP assigned. Have your chronic pain medication reinstated. These are duplicate issues already being addressed on Appeal Log # SVSP-HC-16055839, please allow for the appeal process to be completed." Id. The notice also informed plaintiff that cancellation did not exhaust his administrative remedies, and that he could appeal the cancellation of his grievance. Id. Plaintiff did not appeal the cancellation.

Grievance SVSP-HC-16055839 was reviewed and denied at the first level of review, partially granted at the second level of review, and denied at the third level of review. ECF No. 74, Ex. C at 25-46. Plaintiff then filed his federal lawsuit.

## DISCUSSION

A. Standard of Review

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S.

3

81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

B.   Analysis

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Ngo, 548 U.S. at 93. A prisoner not only must pursue every available step of the prison appeal process but also must adhere to "deadlines and other critical procedural rules" of that process. Id. at 90. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

A prisoner must "exhaust his administrative remedies prior to sending his complaint to the district court." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (emphasis added). He cannot comply with the PLRA's exhaustion requirement "by exhausting available administrative remedies during the course of the litigation." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (citation omitted).

CDCR provides any prisoner or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or

4

welfare." Cal. Code Regs. tit. 15, § 3084.1(a). CDCR's appeal process consists of three levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts CDCR's appeal process by obtaining a decision from the third level of appeal review. Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). A cancelation or rejection of an appeal does not exhaust administrative remedies. Cal. Code Regs. tit. 15, § 3084.1(b). A cancelled appeal may later be accepted if a determination is made that the cancellation was in error or new information is received that makes the appeal eligible for further review. Id. § 3084.6(a)(3). An inmate may file an appeal of the decision to cancel an appeal. Id. § 3084.6(e).

To submit a grievance, an inmate must use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). Each grievance is limited to one issue or related set of issues. Id. § 3084.2(a)(1). A grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (citation and internal quotation omitted).

There are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Third, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Defendants properly raise failure to exhaust in a Rule 56 motion for summary judgment and argue that plaintiff failed to properly exhaust available administrative remedies as to his cognizable § 1983 claim against them before filing suit. Defendants specifically argue that plaintiff did not properly exhaust his claim that Dr. Phan was deliberately indifferent to his serious medical needs by reducing and then discontinuing his prescription for morphine before filing suit because plaintiff did not appeal the cancellation of grievance SVSP-HC-16055840 or sufficiently bring the claim to the attention of prison officials in connection with grievance SVSP-HC-

5

16055839. The court agrees.

The undisputed evidence submitted by defendants shows that grievance SVSP-HC-16055839 did not put defendants on notice that plaintiff was grieving the reduction and cancelation of his morphine prescription and sought to have the prescription reinstated. The grievance did not even contain the word "morphine." While both grievances sought the removal of Dr. Phan as plaintiff's PCP, SVSP-HC-16055839 focused on Dr. Phan's decision to prescribe plaintiff Trileptal while SVSP-HC-16055840 focused on Dr. Phan's decision to reduce and then discontinue plaintiff's morphine prescription.

Grievance SVSP-HC-16055839, with its generalized request to reinstate plaintiff's "chronic care treatment" did not sufficiently put defendants on notice that the grievance was challenging the reduction and discontinuation of morphine. Indeed, when responding to the denial of SVSP-HC-16055839 at the first level of review, plaintiff stated that "the basis for my complaint is that Trileptal was prescribed for me and resulted in injurious falls and what appear to be new and chronic symptoms." ECF No. 74 at 24. He only vaguely noted that he "disagree[d] with the abandonment of my then-current chronic pain treatment which was effective and would have facilitate[d] my return to better health had it been given the opportunity," id., and later, when responding to the denial at the second level of review, again vaguely stated "I want to return to my previous treatment plan of effective pain management with 6 months of physical therapy to regain a useful range of motion with my arms and then we can discontinue my medication and therapy." Id. at 22. Plaintiff never made clear at any point in the appeal process of grievance SVSP-HC-16055839 that he was challenging the reduction and discontinuation of his morphine prescription or even use the word morphine.

The evidence submitted by both parties shows that morphine was just one component of plaintiff's treatment for his chronic pain. Plaintiff began taking morphine in 2011 but did not take it for approximately one to two years prior to being prescribed 30 milligrams of morphine in April 2016. Whitall Dep., 50:17-25, 52:10-25, 60:12-17; Opp. to Motn. for Summary Judgement, Ex. A. Before starting morphine in April 2016, plaintiff had Ibuprofen, Naproxen and aspirin prescribed at various times, and was also going to physical therapy to treat his pain. Whitall Dep.

6

53:5-15, 58:14-24. Based on his pain management history, plaintiff's statement that he wanted to return to his "previous chronic care treatment" in connection with grievance SVSP-HC-16055839 – a grievance that focused on Dr. Phan's decision to prescribe him Trileptal – did not sufficiently or reasonably put defendants on notice that plaintiff was appealing Dr. Phan's decision to reduce and then discontinue his morphine prescription and that he wanted the morphine prescription reinstated.

The decision denying grievance SVSP-HC-16055839 at the third level of review did not exhaust the morphine issue either. The decision did note that the appeal requested, among other things, "reversal of your prescription of the medication trileptal for your chronic pain and to return to your previous chronic care treatment." ECF No. 74, Ex. C at 34. But it made no mention of morphine and stated that the denial was based on health records showing that plaintiff was in the Chronic Care Program, had a plan of care in place for pain management that involved taking Tylenol, and had been evaluated in November 2016 by his primary care provider. Id. (Plaintiff had a new primary care provider by that time. Whitall Dep., 108:22-24.) Plaintiff did not properly exhaust his claim that Dr. Phan was deliberately indifferent to his serious medical needs by reducing and then discontinuing his morphine prescription in connection with grievance SVSP-HC-16055839.

Plaintiff suggests that prison officials improperly cancelled SVSP-HC-16055840 as duplicative and thereby made administrative remedies unavailable to him to exhaust the discontinuation of morphine claim. Under the law of the circuit, evidence of actions by prison officials preventing proper exhaustion meets plaintiff's burden of production under Albino because, if true, such actions would make administrative remedies effectively unavailable. See Williams v. Paramo, 775 F.3d 1182, 1191-92 (9th Cir. 2015). So would improper screening of a prisoner's administrative appeal. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). But to fall within this exception, the prisoner must show "that he attempted to exhaust his administrative remedies but was thwarted by improper screening." Id. Plaintiff does not. He has not shown that he was thwarted or prevented from filing an appeal of the cancellation. The undisputed evidence shows that plaintiff had filed numerous other grievances and was familiar with the prison

grievance system, Amended Gates Decl. Ex. A, and specifically knew how to appeal the cancellation of a grievance but decided not to appeal the cancellation of grievance SVSP-HC-16055840. Whitall Dep. 107:7-16.

Even if grievance SVSP-HC-16055840 was improperly cancelled as duplicative of SVSP-HC-16055839 because it dealt with a different and discrete issue – the discontinuation and desired reinstatement of plaintiff's morphine prescription – this did not thwart plaintiff from exhausting his claim because he still had an available remedy. Plaintiff could have appealed the cancellation decision as improper and, if prison officials denied it, thereby exhausted available administrative remedies. But plaintiff decided not to appeal the cancellation of grievance SVSP-HC-16055840 and to proceed only with grievance SVSP-HC-16055839. Unfortunately for him, grievance SVSP-HC-16055839 did not sufficiently put defendants on notice that he was appealing the discontinuation of his morphine prescription.

In sum, the evidence submitted by defendants meets their burden of proving that there was an available administrative remedy that plaintiff failed to properly exhaust in connection with his cognizable § 1983 claim before filing this action. See Albino, 747 F.3d at 1172. The burden then shifted to plaintiff to present evidence that there is something in this particular case that made existing and generally available administrative remedies effectively unavailable to him. See id. Plaintiff did not do so. Accordingly, defendants are entitled to summary judgment under Rule 56. See id. at 1166.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (ECF No. 53) on grounds that plaintiff failed to properly exhaust available administrative remedies as to his cognizable § 1983 claims before filing suit is GRANTED. And pursuant to the law of the circuit, plaintiff's cognizable § 1983 claims – i.e., plaintiff's § 1983 claims regarding the discontinuation of his morphine prescription – are DISMISSED without prejudice.[1]

**IT IS SO ORDERED**.

---

[1] Plaintiff's pending motion for leave to file a Second Amended Complaint (ECF No. 55) is dismissed as moot and for lack of merit.

Dated: June 14, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE TRAN PHAN, et al.,<br><br>    Defendants. | Case No. 3:17-cv-05889-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 14, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Richard Whitall ID: #G43090
Salinas Valley State Prison A3-116
P.O. Box 1050
Soledad, CA 93960-1050

Dated: June 14, 2019

                                                                  Susan Y. Soong
                                                                   Clerk, United States District Court

                                                                   By: _____
                                                                   Lashanda Scott, Deputy Clerk to the
                                                                   Honorable CHARLES R. BREYER